# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

MID-AMERICA FREIGHT          )
LOGISTICS, LLC,              )
                            )
    Plaintiff,         )
                            )
  v.                       )          No. 4:25-CV-1258 HEA
                            )
BIG BOY FREIGHT, et al.,     )
                            )
    Defendants.         )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Mid-America Freight Logistics, LLC's Motion to Remand. (ECF No. 8). While the motion is fully briefed and ripe for review, the Court requires additional information to determine whether it has subject matter jurisdiction over this dispute. The Court, therefore, will hold Plaintiff's motion in abeyance and order Defendant Certain Underwriters at Lloyd's London Subscribing to Policy Number LA194037 ("Certain Underwriters at Lloyd's") to file an Amended Notice of Removal.

## *Background*

On July 1, 2025, Plaintiff filed in state court a Petition against Big Boy Freight, Inc., ("Big Boy"), Qualitas Insurance Company, ("Qualitas"), and Certain

Underwriters at Lloyd's.[1]  On August 21, 2025, Defendant Certain Underwriters at Lloyd's filed a Notice of Removal and removed the action to this District on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff filed a motion to remand, in which it argued, among other things, that Certain Underwriters at Lloyd's had failed to establish that there is diversity of citizenship in this case.  After review of the record, the Court finds Certain Underwriters at Lloyd's Notice of Removal and its disclosures are ambiguous and, as such, they fail to establish that there is diversity of citizenship in this case.

### *Legal Standard*

A case may be removed to federal court only if it could have been brought in federal court originally. 28 U.S.C. § 1441; *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996).  Therefore, either the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011).

A federal court has diversity jurisdiction where the matter in controversy exceeds $75,000, and there is complete diversity of citizenship between plaintiffs

---

[1]According to the parties, Big Boy has dissolved and is no longer an active corporation. On September 17, 20258, following removal, Plaintiff voluntarily dismissed Qualitas from this suit.  (ECF No. 12).

and defendants.  28 U.S.C. § 1332(a); *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991).  Diversity jurisdiction attaches when all parties on one side of the litigation are of a different citizenship from all of those on the other.  *See* 28 U.S.C. § 1332(a)(1); *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988).  In *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990), the Supreme Court held that for diversity purposes, the citizenship of an unincorporated association is the citizenship of each of the association's members.  *See Buckley*, 923 F.2d at 97 (applying *Carden*).

"It is settled, of course, that absent complete diversity a case is not removable because the district court would lack original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 564 (2005) (cited case omitted).  Where complete diversity of citizenship does not exist, 28 U.S.C. § 1447(c) requires a district court to remand the case to state court for lack of subject matter jurisdiction.

### *Discussion*

In moving to remand, Plaintiff argues Certain Underwriters at Lloyd's has not sufficiently established its citizenship.  In its Notice of Removal, Certain Underwriters at Lloyd's avers the following:

> Defendant [Certain Underwriters at] Lloyd's is an unincorporated association of underwriters subscribing to Policy Number LA194037. It is based in London, England. The underwriting syndicate for said Policy is MS Amlin Underwriting Limited Syndicate 2001. The managing agent of MS Amlin Underwriting Limited Syndicate 2001 is

3

> MS Amlin Underwriting Limited, and its sole member is MS Amlin
> Corporate Member Limited. Both MS Amlin Underwriting Limited and
> MS Amlin Corporate Member Limited are private limited companies
> incorporated in the United Kingdom with their principal place of
> business in the United Kingdom.

(ECF No. 1 at 1-2).

Defendant Certain Underwriters at Lloyd's also filed a Disclosure Statement, and when asked to disclose "the name and citizenship of every individual or entity whose citizenship is attributed to [Defendant Certain Underwriters at Lloyd's], including all members, sub-members, general and limited partners, and corporations," Defendant Certain Underwriters at Lloyd's provided the following information:

> Policy Number LA194037 was underwritten by MS Amlin
> Underwriting Limited Syndicate 2001, an unincorporated association,
> the managing agent of which is MS Amlin Underwriting Limited, a
> private limited company incorporated in the United Kingdom with its
> principal place of business in the United Kingdom. The corporate (and
> sole) member is MS Amlin Corporate Member Limited, a private
> limited company incorporated in the United Kingdom with its principal
> place of business in the United Kingdom.

(ECF No. 3 at 2).

The Court finds the Notice of Removal and Disclosure Statement are ambiguous and do not sufficiently set forth Defendant Certain Underwriters at Lloyd's citizenship. A brief overview of the structure of Lloyd's of London, which is unusual, illuminates why.

Lloyd's of London is not an insurance company, but rather it is an organization that provides infrastructure for an international insurance market. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010) ("*Osting-Schwinn*"). Individual underwriters, known as "Names" are admitted to Lloyd's of London.  *Id.* They must meet certain solvency requirements and are subject to Lloyd's of London's bylaws and regulations.  These Names can be people or corporate entities, and they assume the risk of the insurance loss. *Id.* "Critical to the diversity jurisdiction question, Names are not only British citizens, but [they] may be of many nationalities." *Id.* (citing Lloyd's Act, 1982, c.14, pmbl. (5)).

Names form associations called syndicates, which are organized and managed by a fiduciary called a Managing Agent. *Id.* Syndicates underwrite insurance policies, but they do not bear the risk of the policies they underwrite. *Id.* The Names in a syndicate (or sometimes multiple syndicates) cumulatively assume the risk of a particular policy. Names assume individual percentages of the underwriting risk. *Id.* Importantly, syndicates are not incorporated, but rather they are unincorporated associations. *Id.*

In this case, Plaintiff has sued "Certain Underwriters at Lloyd's London Subscribing to Policy Number LA194037." Defendant Certain Underwriters at Lloyd's stated in the Notice of Removal and Disclosure Statement that Policy Number LA194037 was underwritten by a syndicate called MS Amlin Underwriting

Limited Syndicate 2001, an unincorporated association.  Defendant Certain Underwriters did not provide the Names of the syndicate but disclosed that the Managing Agent of the syndicate is MS Amlin Underwriting Limited, a private limited company incorporated in the United Kingdom with its principal place of business in the United Kingdom.[2]  Defendant Certain Underwriters of Lloyd's then states in its Notice of Removal that "its sole member is MS Amlin Corporate Member Limited[,]" a private limited company incorporated in the United Kingdom with its principal place of business in the United Kingdom." (ECF No. 1 at 2).  It is unclear to which entity "its" is referring. The Court has carefully reviewed Defendant Certain Underwriters of Lloyd's Disclosure Statement and finds that it does not clarify the issue.  After reading the Notice of Removal and the Disclosure Statement, the Court is left wondering: is MS Amlin Corporate Member Limited the sole member of MS Amlin Underwriting Limited, the Managing Agent; or is MS Amlin Corporate Member Limited the sole member of MS Amlin Underwriting Limited Syndicate 2001, the syndicate?

---

[2]Federal courts have held that a private limited company organized under the laws of the United Kingdom is treated as a corporation for purposes of diversity jurisdiction citizenship, as it is "sufficiently similar to an American corporation[.]" *Brink's Co. v. Chubb Eur. Grp. Ltd.*, No. 3:20-CV-520-HEH, 2020 WL 6829870, at \*5 (E.D. Va. Nov. 20, 2020).  *See also de InterRad Med., Inc. v. Aquilant Ltd.*, No. 23-CV-3709 (ECT/DTS), 2024 WL 913343, at \*4 (D. Minn. Mar. 4, 2024), *appeal dismissed,* No. 24-1563, 2024 WL 4216994 (8th Cir. May 29, 2024) (finding British private limited company was the equivalent of an American corporation).

In its Surresponse, which was filed with leave of Court, Defendant Certain Underwriters of Lloyd's addresses for the first time and in one paragraph Plaintiff's argument regarding its citizenship, and it writes, "[a]s stated in Defendant [Certain Underwriters of Lloyd's] Notice of Removal, the sole member of the MS Amlin Underwriting Limited Syndicate 2001 is MS Amlin Corporate Member Limited, which is incorporated in the United Kingdom and has its principal place of business in the United Kingdom." (ECF No. 16 at 5). This language does clarify somewhat the statements in the Notice of Removal and the Disclosure Statement, but the Court remains unconvinced. Based on the following, there is reason to believe the statement in Certain Underwriters of Lloyd's Surresponse is not accurate.

As stated above, Defendant Certain Underwriters of Lloyd's disclosed that the policy at issue is underwritten by a syndicate, MS Amlin Underwriting Limited Syndicate 2001, which is an unincorporated association. By definition, an unincorporated association is not a corporation or private limited company; it is an organization or group that is comprised of multiple people or entities. Black's Law Dictionary (12th ed. 2024) (defining associations as an "unincorporated organization that is not a legal entity separate from the persons who compose it"). Indeed, as Certain Underwriters of Lloyd's stated in its Notice of Removal, it is "an unincorporated association of underwriters." (ECF No. 1 at 1) (emphasis added). Moreover, by definition, a syndicate is also a group of persons or entities. Black's

Law Dictionary (12th ed. 2024) (defining syndicate as "[a] group organized for a common purpose; esp[ecially], an association formed to promote a common interest, carry out a particular business transaction … .").  Finally, in the Court's experience, syndicates at Lloyd's of London have many underwriters as members, which are called Names. *See discussion supra; Penrod Drilling Co. v. Johnson*, 414 F.2d 1217, 1222 (5th Cir. 1969) (Lloyd's syndicates are classic examples of unincorporated associations; they are "bod[ies] of persons acting together, without a charter, but upon the methods and forms used by corporations, for the prosecution of some common enterprise.") (citation and quotation marks omitted).

As Defendant Certain Underwriters of Lloyd's clarification was made in a legal memorandum, which is not evidence, and it raises more questions than answers, the Court finds that Defendant Certain Underwriters of Lloyd's has failed to meet its burden of establishing federal jurisdiction by a preponderance of the evidence.  *Knudson*, 634 F.3d at 975.

The Court will grant Defendant Certain Underwriters of Lloyd's fourteen (14) days to file an Amended Notice of Removal, in which it must show the existence of the requisite complete diversity of citizenship of the parties and the minimum amount in controversy. Under the prevailing view that syndicates of Lloyd's of London are to be treated as unincorporated associations for purposes of federal diversity jurisdiction, which this Court adopts, the requirement of complete diversity must be analyzed with

respect to the citizenship of each member-underwriter (also known as Name) of each syndicate that subscribed to insurance Policy Number LA194037. *Carden*, 494 U.S. at 195–96; *Osting-Schwinn*, 613 F.3d at 1088-89; *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 n. 6 (11th Cir. 2003); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925 (2d Cir. 1998); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314 (7th Cir. 1998).[3]  In other words, each Name that is underwriting the policy at issue in this case must be diverse from Plaintiff. *Id.* Therefore, in its Amended Notice of Removal, Defendant Certain Underwriters of Lloyd's must identify and unambiguously establish the citizenship of each of the members or Names in the syndicate(s) that is underwriting Policy Number LA194037. Failure to comply timely with this order will result in the remand of this action to the state court from which it was removed for lack of subject matter jurisdiction.

    Accordingly,

---

[3]The Court is aware that in *Burnett v. Lloyd's of London*, 710 F.2d 488, 489 n.1 (8th Cir. 1983) (*per curiam*), the Eighth Circuit stated in a footnote that Lloyd's of London was a "British corporation." The Court does not consider this statement to be binding precedent.  First, the Eighth Circuit's statement is factually incorrect – Lloyd's of London is not a corporation.  Further, Lloyd's of London is not a party to this suit, but rather the individual member-underwriters are.  In addition, citizenship was not in dispute in *Burnett*, and the opinion did not discuss or analyze Lloyd's of London's complex and unusual structure.  Lastly, *Burnett* was decided some years prior to the Supreme Court's decision in *Carden*.

**IT IS HEREBY ORDERED** that within fourteen (14) days of the date of this Order, Defendant Certain Underwriters at Lloyd's London Subscribing to Policy Number LA194037 shall file with the Court an Amended Notice of Removal that provides evidence of the following:

(1) The name of the syndicate(s) that is underwriting Policy Number LA194037;

(2) The identity of the members ("Names") of the association that forms the syndicate(s) that is underwriting Policy Number LA194037;

(3) The citizenship for each Name in the syndicate(s) that is underwriting Policy Number LA19403, including the state or foreign country of principal place of business for Names that are corporations or private limited companies, and the state or foreign country of citizenship of all members of any Names that are limited liability companies or partnerships.

**IT IS FURTHER ORDERED** that if Defendant Certain Underwriters at Lloyd's London Subscribing to Policy Number LA194037 does not timely and fully comply with this order, this action will be remanded to the state court from which it was removed for lack of subject matter jurisdiction.

Dated this 11th day of December, 2025.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE