**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MID-AMERICA FREIGHT LOGISTICS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:25-CV-1258 HEA |
| BIG BOY FREIGHT, et al., | ) ) ) | |
| Defendants. | ) | |

## <u>OPINION, MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiff Mid-America Freight Logistics, LLC's Motion to Remand. (ECF No. 8). After reviewing the parties' filings in support and opposition to the Motion to Remand, the Court ordered Defendant Certain Underwriters at Lloyd's London Subscribing to Policy Number LA194037 ("Certain Underwriters at Lloyd's") to file an Amended Notice of Removal with a proper showing as to its citizenship. (ECF No. 19). Certain Underwriters at Lloyd's filed an Amended Notice of Removal on December 26, 2026, which it supplemented on January 6, 2026. (ECF Nos. 20 and 22). The Court finds Plaintiff's Motion to Remand is now ripe for review, and for the following reasons, the motion is denied.

## *I.    Background*

On July 1, 2025, Mid-America Freight Logistics, LLC ("Mid-America Freight") filed a Petition in state court against Big Boy Freight, Inc., ("Big Boy"), Qualitas Insurance Company, ("Qualitas"), and Certain Underwriters at Lloyd's. On August 21, 2025, Defendant Certain Underwriters at Lloyd's filed a Notice of Removal and removed the action to this District on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Despite being served, Qualitas did not join in the removal.[1]  Qualitas was served with the state court Petition on July 22, 2025, but Mid-America Freight did not file proof of service on Qualitas in the state court until August 22, 2025, the day after removal.  On August 29, 2025, Plaintiff filed a Motion to Remand.  On September 12, 2025, Qualitas filed a written consent to removal, and on September 17, 2025, Plaintiff voluntarily dismissed Qualitas from this suit. (ECF Nos. 11 and 12).

In its Motion to Remand, Plaintiff argues that removal was improper because Qualitas, which had been served in the state court action, did not join in the Notice of Removal. Plaintiff also argues that in its Notice of Removal, Certain Underwriters at Lloyd's failed to identify the name and citizenship of each member of the syndicate and, therefore, it has not established that there is diversity jurisdiction in this case.  The Court will first address whether it has subject matter jurisdiction over

---

[1]According to the parties, Big Boy has dissolved and is no longer an active corporation.

this dispute, and it will then turn to the procedural issues, and whether removal was proper under 28 U.S.C. § 1446.

## II.    Discussion

### A. Subject Matter Jurisdiction.

A case may be removed to federal court only if it could have been brought in federal court originally. 28 U.S.C. § 1441; *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996).  In general, either the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011).

A federal court has diversity jurisdiction where the matter in controversy exceeds $75,000, and there is complete diversity of citizenship between plaintiffs and defendants.  28 U.S.C. § 1332(a); *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991).  Diversity jurisdiction attaches when all parties on one side of the litigation are of a different citizenship from all of those on the other. *See* 28 U.S.C. § 1332(a)(1); *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988). In *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990), the Supreme Court held that for diversity purposes, the citizenship of an unincorporated association is

3

the citizenship of each of the association's members. *Id.* S*ee also Buckley*, 923 F.2d at 97 (applying *Carden*).

"It is settled, of course, that absent complete diversity a case is not removable because the district court would lack original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 564 (2005) (cited case omitted). Where complete diversity of citizenship does not exist, 28 U.S.C. § 1447(c) requires a district court to remand the case to state court for lack of subject matter jurisdiction.

In its Amended Notice of Removal, Defendant Certain Underwriters at Lloyd's avers that the sole syndicate subscribing to Certificate1 No.: LA194037, the certificate at issue in this case, is MS Amlin Syndicate 2001. And according to Certain Underwriters at Lloyd's, MS Amlin Syndicate 2001 has only one underwriting member – MS Amlin Corporate Member Limited.  There are no other individual members or "Names" of MS Amlin Syndicate 2001. (ECF No. 20 at 2). Defendant Certain Underwriters at Lloyd's presented evidence that MS Amlin Corporate Member Limited is a private limited company incorporated in the United Kingdom with its principal place of business in London.  Therefore, for purposes of diversity, Defendant Certain Underwriters at Lloyd's is a citizen of the United Kingdom.[2]  *Carden*, 494 U.S. at 195–96; *Underwriters at Lloyd's, London v. Osting-*

---

[2]Federal courts have held that a private limited company organized under the laws of the United Kingdom is treated as a corporation for purposes of diversity jurisdiction citizenship, as it is "sufficiently similar to an American corporation[.]" *Brink's Co. v. Chubb Eur. Grp. Ltd.*, No.

*Schwinn*, 613 F.3d 1079, 1088–89 (11th Cir. 2010) (holding underwriters at Lloyd's of London must plead the citizenship of each of their members or "names" in order to establish diversity jurisdiction); *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003) (same); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314 (7th Cir. 1998) (same).

Mid-America is a Missouri limited liability company. It avers in its Disclosure Statement that it is a citizen of Missouri, Texas, and South Carolina. *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding that for purposes of diversity jurisdiction, the citizenship of a limited liability company is that of each of its members). Qualitas is a citizen of California. Big Boy Freight, Inc. was a California company with a principal place of business located in San Jose, California, but the parties allege that the company was terminated in October of 2022.

There is diversity of citizenship in this case. Plaintiff Mid-America Freight Logistics, LLC is a citizen of three states within the United States and Defendant Certain Underwriters at Lloyd's is a citizen of a foreign state. Therefore, there is diversity of citizenship under 28 U.S.C. § 1332(a)(3) (there is diversity of citizenship

---

3:20-CV-520-HEH, 2020 WL 6829870, at *5 (E.D. Va. Nov. 20, 2020). *See also InterRad Med., Inc. v. Aquilant Ltd.*, No. 23-CV-3709 (ECT/DTS), 2024 WL 913343, at *4 (D. Minn. Mar. 4, 2024), *appeal dismissed,* No. 24-1563, 2024 WL 4216994 (8th Cir. May 29, 2024) (finding British private limited company was the equivalent of an American corporation).

where the civil action is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties."). *See also In re DePuy Orthopaedics, Inc. ASR Hip Implant Prods. Liab. Litig.*, 953 F.3d 890, 894 (6th Cir. 2020) (when citizen from a state within the United States sues both a citizen of a another U.S. state and a citizen of a foreign country, diversity of citizenship exists under § 1332(a)(3)). Further, at the time of removal, there was diversity of citizenship, as Qualitas is a citizen of a different state than Mid-America Freight Logistics, LLC. The Court finds it has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(3).

### B. Consent to Removal

Plaintiff argues that this case must be remanded, because Defendant Qualitas, which had been served in the state court action, did not join in the removal and its consent was untimely. When a civil action is removed pursuant to § 1441(a) "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded. *Marano Enters. of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 755 (8th Cir. 2001). This "unanimity requirement" serves important interests by "prevent[ing] duplicative litigation and bar[ring] one defendant from imposing his forum of choice on co-defendants." *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674

F.3d 927, 933 (8th Cir. 2012) ("Where there are multiple defendants, all must join in a [notice] to remove within thirty days of service."). While the Eighth Circuit Court of Appeals demands unanimity, it has not required that "all properly joined and served" defendants join in the notice of removal, if they later consent. *Couzens v. Donohue*, 854 F.3d 508, 515 (8th Cir. 2017).

In *Couzens*, the plaintiff filed suit against five defendants in state court. *Id.* at 511. Two of the defendants removed to federal court, but the notice of removal did not indicate whether the other three defendants had consented to the removal, although they all had been served at the time of removal. *Id.* at 514. Following removal, and after the plaintiff filed a motion to remand, one of the defendants filed a written consent to removal in the district court. The consent was filed 31 days after the filing of the notice of removal. *Id.* The plaintiff argued that the removal was procedurally defective because all the served defendants had not joined in the removal, and that the one defendant's consent to removal was untimely. The district court denied plaintiff's motion to remand and found that the two non-consenting defendants were fraudulently joined. As for the defendant that had not joined in the removal but had filed a notice of consent to removal 31 days after the case was removed, the district court declined to find the consent was untimely. *Id.*

The Eighth Circuit affirmed the district's denial of the motion to remand. The court wrote that "the time frame for an earlier-served defendant to consent to a later-

7

served defendant's notice of removal under § 1446(b)(2)(C) is unclear." *Id.* The court "emphasizr[d] that non-removing defendants who wish to evince consent to removal should either sign the notice of removal or file a timely and unequivocal consent." *Id.* at 515. But "in light of our reluctance to apply the unanimity requirement in a 'hypertechnical and unrealistic manner,'" we hold that the defendant that did not join in the notice of removal but consented 31 days later "sufficiently consented to removal." *Id.* (quoting *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015)). *See also Bradley v. Maryland Cas. Co.*, 382 F.2d 415, 419 (8th Cir. 1967) (affirming district court's denial of motion to remand where plaintiff had stipulated to the dismissal of the non-consenting defendants).

Here, Qualitas filed its consent 22 days after the Notice of Removal was filed. The Court finds that the consent was timely filed, and it declines to remand based on Plaintiff's argument that Qualitas did not join in removal or that the consent was untimely. *Couzens*, 854 F.3d at 515. Furthermore, Plaintiff has since dismissed its claims against Qualitas, which it did before Qualitas even filed a responsive pleading. Therefore, the Court finds the issue of whether Qualitas timely consented to removal is moot, as it is no longer a party of this suit, and "the presence of nominal or formal or unnecessary parties has no controlling significance for removal purposes." *Bradley*, 382 F.2d at 419 (affirming district court's refusal to remand

8

where plaintiff had settled with non-consenting defendants). *See also Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996), *superseded by statute on other grounds* (holding that defects that existed at the time of removal by virtue of the presence of a non-diverse defendant were not fatal to the federal court's jurisdiction and adjudication of the case when the non-diverse defendant was dismissed prior to final judgment).

Plaintiff's Motion to Remand is denied as Qualitas consented to removal in a timely manner, but in any event, the issue of consent is moot as Plaintiff has dismissed its claim against Qualitas, and Qualitas is no longer a party to this suit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Mid-America Freight Logistics LLC's Motion to Remand is **DENIED**.  [ECF No. 8].

Dated this 31st day of March, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE